IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 JAN 10 A 9: 15

CLERK'S OFFICE
AT BALTIMORE

_____ DEPUTY

| | | |
|---|---|---|
| MASSAIH ALI | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. CCB-02-3097 |
| MAYOR'S OFFICE OF EMPLOYMENT DEVELOPMENT | : | |
| | : | |
| Defendant. | | |

..oOo..

### ORDER

Defendant by and through counsel, filed a Motion to Dismiss on December 23, 2002. (Paper No. 10.) In support of the Motion to Dismiss counsel states that service of process on the defendant, a local government agency, was inadequate and not properly served under the Federal Rules of Civil Procedure.[1] (*Id.* at Mem.)

Defendant claims that while plaintiff directed the United States Marshal to serve a copy of summons and complaint on the defendant in care of the Personnel Officer of the Mayor's Office of Employment and Development, the Personnel Officer only received a copy of the summons and complaint via department mail and was not personally served with the documents, nor did she have her copy dated or time-stamped. (*Id.*)   In addition, defendants argue that they could not identify the name appearing on the United States Postal return receipt. (*Id.*) In sum, the defendant asserts that the plaintiff cannot demonstrate that proper service has been effected as "the agency or proper agent" of the agency has not been served.

The Court file does contain the original domestic return receipt for certified mail which

---

[1] Plaintiff has not filed an opposition to the Motion to Dismiss.

reflects that delivery was restricted, certified return receipt was requested, the summons was addressed to "Christine Marshall, c/o Mayor's Office of Employment Development, 417 E. Fayette Street, Baltimore, Maryland 21202" and accepted by an Angelo Maranto at that address on December 2, 2002. (*See* Paper No. 9.)

Plaintiff, a *pro se* litigant, instituted this action on September 19, 2002, contending, *inter alia*, that he was terminated from his job in retaliation for his filing a sexual harassment charge against a previous supervisor. He appears fully to have complied with the Court's Order that he attempt service on the defendant by utilizing the U.S. Marshal Service of Process Form 285.

The form, which is a part of the return contained in the file, plainly sought service on the defendant through Christine Marshall, the Human Resources Director of the Mayor's Office of Employment Development.[2] Service on defendant appears to have been effected December 2, 2002; that is, the U.S. Marshal's mail envelope was delivered to 417 E. Fayette Street, Baltimore, Maryland 21202 and accepted by "Angelo Maranto."[3] Ms. Marshall acknowledges that she received a copy of the complaint and summons in her interdepartmental mail box. (Paper No. 10 at Marshall Aff.)

The undersigned has reviewed the pleadings and documents filed in this matter. Requiring plaintiff to attempt service on the defendant in the same manner as he was previously directed would apparently be an exercise in futility. Although technically, service of process may not have been properly received by the executive officer of the government agency under Fed. R. Civ. P. 4(j)(2),[4]

---

[2]  Ms. Marshall was listed on the "Right to Sue" letter received by the plaintiff from the Equal Employment Opportunity Commission. (Paper No. 6.)

[3]  417 E. Fayette Street, also know as the "Benton Building," contains the offices for a number of Baltimore City agencies, including the Mayor's Office of Employment Development. The Court has learned that Mr. Maranto is employed in the Municipal Post Office for Baltimore City government.

[4]  The Director of the Mayor's Office of Employment Development is Karen Sitnick.

manifestly, the defendant, by and through counsel, has received a copy of the complaint in this matter and is on notice of plaintiff's allegations made against it. Consequently, the Court concludes that the Motion to Dismiss should be denied.

Nevertheless, because counsel wishes to handle the matter as indicated here, the Court shall treat the Marshal's mail service as a request for waiver of service pursuant to Fed.R.Civ.P. 4(d). If the defendant does not file an answer or other appropriate response to the complaint in this case within twenty days from the date of this Order, then this Court shall require the United States Marshal to personally serve process or shall appoint an attorney to represent plaintiff for the limited purpose of effecting service of process upon the defendant. In either case, costs shall be immediately imposed pursuant to Fed.R.Civ.P. 4(d)(5).

Accordingly, for good and sufficient reasons, IT IS HEREBY ORDERED by the United States District Court for the District of Maryland, this 9th day of January, 2003:

1. that the Motion to Dismiss (Paper No. 10) IS DENIED;

2. that if defendant will accept waiver of service as set forth above, it shall FILE an answer or otherwise respond to plaintiff's complaint on or before twenty days from the date of this Order, failing which, the Court will direct the United States Marshal to personally serve the defendant or shall appoint counsel to serve process pursuant to Fed.R.Civ.P. 4(d). In either case, all costs shall be imposed upon the defendant; and

3. that the Clerk of the Court shall MAIL a copy of this Order to plaintiff and to Cheryl Simpson Parker, Assistant Solicitor, 124 City Hall, 100 N. Holiday Street, Baltimore, Maryland 21202.

_____
Catherine C. Blake
United States District Judge